Slip Copy, 2010 WL 1980421 (S.D.Miss.)
(Cite as: 2010 WL 1980421 (S.D.Miss.))

H
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. Mississippi,
Jackson Division.
Patricia FORBES, Individually and on Behalf of all the Wrongful Death Beneficiaries of Rafael Forbes, Deceased, Plaintiffs
v.
The CITY OF JACKSON, Mississippi; Taser International, Inc., John Doe Corporations, 1-5; and John Does, 1-5, Defendants.

Civil Action No. 3:09CV423-HTW-LRA.
May 14, 2010.

Halbert E. Dockins, Jr., Law Offices of Halbert E. Dockins Jr., Jackson, MS, for Plaintiffs.

Claire Barker Hawkins, Jackson, MS, David Charles Goff, Deutsch, Kerrigan & Stiles, LLP, Gulfport, MS, John Jerry Glas, Deutsch, Kerrigan & Stiles, New Orleans, LA, Michael Brave, Taser International, Inc., Scottsdale, AZ, for Defendants.

*ORDER*
LINDA R. ANDERSON, United States Magistrate Judge.

*1 THIS CAUSE came before the Court via a telephonic hearing conducted on May 12, 2010, on Plaintiff's Motion for an Extension of the Amended Scheduling Order Deadlines, or in the Alternative, Motion to Withdraw as Counsel [Doc. 43 & 45], filed April 16 & 19, 2010. Also heard was Defendant TASER International, Inc.'s Motion to Compel [# 55] filed on April 26, 2010.

Plaintiff has failed to meet her deadlines to designate experts and requests that the deadlines be extended. Plaintiff's economist deadlines were due by March 31, 2010, and her excessive force and Taser experts were due by May 19, 2010. Plaintiff provided the full Rule 26 report by the economist, but the Taser and medical experts are not prepared to complete the designations required by May 19, 2010. According to Plaintiff, her experts have had conflicts and have not completed their reports. Plaintiff asked that the deadlines be extended or, alternatively, that counsel be allowed to withdraw from representation.

Defendant TASER strenuously objects to further extensions. Not allowing an extension of the deadlines in this case would have the practical effect of striking Plaintiff's experts. Allowing Plaintiff's counsel to withdraw would also require the imposition of new expert deadlines and would further delay the case. In this circuit, whether or not experts are stricken due to a party's failure to properly and timely designate experts is governed by the following four factors:

1. The explanation for the failure to identify the witness;

2. The importance of the testimony;

3. The potential prejudice in allowing the testimony; and,

4. The availability of a continuance to cure such prejudice.

*Betzel v. State Farm Lloyds,* 480 F.2d 704, 707 (5th Cir.2007) citing Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir.1990).

Rule 26(a)(2) requires that experts be disclosed, and Rule 37(c)(1) provides that the failure to do so results in the party not being allowed to use that information or witness "unless the failure was substantially justified or is harmless." This Court's Local Rule 26(a)(2)(C) provides that discovery regarding experts shall be completed within the discovery period and that a late designation and/or discovery of expert witnesses will be allowed **only** upon a "showing of good cause."

Rule 6(b) of the Federal Rules of Civil Procedure provides that where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the

Slip Copy, 2010 WL 1980421 (S.D.Miss.)
(Cite as: 2010 WL 1980421 (S.D.Miss.))

omission is the result of "excusable neglect." See Fed.R.Civ.P. 6(b)(1)(B); *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

The undersigned has considered the four factors employed by the Fifth Circuit in *Betzel* and concludes that another extension of Plaintiff's expert deadline should be granted. It is questionable as to whether Plaintiff has set forth facts establishing good cause for failing to comply with this Court's deadline. Notwithstanding the lack of justification, the Court finds that the "importance of the testimony," does weigh heavily in favor of late designation. Plaintiff's entire case will fall if they are unable to offer expert testimony.

*2 As to whether Defendants will be prejudiced, the Court finds that any prejudice will be mitigated by an extension of their expert deadlines and a continuance of the trial. The Court is reluctant to allow the "importance of the testimony" to be the primary consideration. Further, the Fifth Circuit has stated that "the importance of proposed [expert] testimony cannot 'singularly override the enforcement of local rules and scheduling orders.' " *Hamburger v. State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875, 883 (5th Cir.2004) (citing *Geiserman,* 893 F.2d at 792). But a continuance should mitigate the prejudice to Defendants, and the interests of justice prefer that cases be decided on their merits.

As stated, the undersigned concludes that the *Betzel* case is controlling. As the *Betzel* court stated, it has "repeatedly emphasized that a continuance is the preferred means for dealing with a party's attempt to designate a witness out of time." *Id.* at 708, citing *Campbell v. Keystone Aerial Surveys, Inc.,* 138 F.3d 996, 1001 (5th Cir.1998).

The undersigned reminds the parties that adherence to scheduling is a critical factor "in maintaining the integrity of judicial proceedings." *1488, Inc. v. Philsec Investment Corp.,* 939 F.2d 1281, 1289 (5th Cir.1991). All counsel will be required to meet the new deadlines to be established herein.

The Court has also considered Defendant TASER's Motion to Compel and finds that it is well advised and should be granted. The primary basis for Plaintiff's objections to the discovery is that the interrogatories pose questions regarding the alleged design defect which Plaintiff is unable to answer as a lay person; she must depend on her experts for the responses. And, as discussed, Plaintiff does not yet have her expert reports. Plaintiff requests that she not be compelled to respond to the discovery until such time as the expert reports are completed.

It must be assumed that Plaintiff and her attorney have discussed the factual basis for why they believe that TASER is liable for Rafael Forbes's death. It may be that Plaintiff's understanding of the technical aspects of any defect is rudimentary; however, her responses may reflect that lack of understanding. It is customary that counsel investigates the claim prior to filing the Complaint, discusses the claims with potential experts, and explains and discusses the factual basis for liability to Plaintiff. These are the facts which should be disclosed to Defendant at this stage of the litigation, to be supplemented as more expert information is obtained.

For these reasons, Plaintiff shall be compelled to fully respond to the outstanding discovery; she should supplement her answers as more information is obtained.

Plaintiff also has failed to provide copies of the documents requested. The document production is overdue, and Plaintiff shall be compelled to submit copies of the documents requested to Defendant within fourteen days. Under these circumstances, it is not sufficient to merely state that the documents are available for inspection; counsel has an affirmative duty to provide the documents requested within the time provided under the rules.

*3 Defendant also requests that Plaintiff be compelled to submit potential deposition dates. Defendant also noticed Plaintiff's deposition for May 13, 2010, and this issue may now be moot. In the future, if agreeable dates cannot be obtained by either party upon reasonable requests, counsel should notice depositions with at least 14 days notice without prior consent of counsel opposite.

The case management order previously entered is amended to extend the deadlines, and to continue the trial and pre-trial as follows.

IT IS, THEREFORE, ORDERED:

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 1980421 (S.D.Miss.)
(Cite as: 2010 WL 1980421 (S.D.Miss.))

1. Plaintiffs' expert designation deadline is extended until **June 14, 2010;** Defendants' expert designation deadline is **July 16, 2010.**

2. Discovery shall be completed on or before **September 16, 2010.**

3. All discovery, case-dispositive motions and motions challenging an opposing party's expert [*Daubert*] shall be filed by **September 30, 2010,** fourteen [14] days after the discovery deadline. All other *in limine* motions shall be filed no later than fourteen [14] calendar days before the pretrial conference, with the response being filed no later than seven [7] calendar days before the pretrial conference. *See* Rule 7(b)(2)(B)(C)(D) of the Local Rules, effective December 1, 2009.

4. The pretrial conference in this case is reset for either **January 5 or 6, 2011,** at a specific time to be later set.

5. That this case is set for a jury trial during a trial calendar that begins on **January 25, 2011,** and ends on **February 5, 2011,** before Chief District Judge Henry T. Wingate.

6. Plaintiff's Motion for an Extension of the Amended Scheduling Order Deadlines, or in the Alternative, Motion to Withdraw as Counsel [Doc. 43 & 45], is **granted,** and the deadlines are amended as set forth herein.

7. Defendant TASER International, Inc.'s Motion to Compel [# 55] is **granted,** and Plaintiff is directed to fully respond to the discovery referenced in the motion on or before May 28, 2010.

SO ORDERED.

S.D.Miss.,2010.
Forbes v. City of Jackson
Slip Copy, 2010 WL 1980421 (S.D.Miss.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.